FILED
2013 Mar-19 PM 03:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **KATRINA MICHELLE BEARDEN,** | ) | |
| **Claimant,** | ) | |
| | ) | **Civil Action No. CV-12-S-1995-M** |
| **vs.** | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Katrina Michelle Bearden, commenced this action on May 25, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated her subjective complaints of pain and failed to adequately develop the administrative record. Upon review of the record, the court concludes that these contentions are without merit.

To demonstrate that pain or another subjective symptom renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)). Furthermore, "[a]fter considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,*

734 F.2d 513, 517 (11th Cir. 1984)) (alteration supplied).

The ALJ properly applied these legal principles. He found that claimant's medically determinable impairments could reasonably be expected to cause the symptoms she alleged, but he nonetheless concluded that claimant's statements about the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with a residual functional capacity to perform light work with no concentrated exposure to extreme cold, heat, vibration, unprotected heights, or dangerous machinery.[1] He reasoned that claimant's testimony about her subjective limitations was inconsistent with the medical evidence of record and claimant's prior reports to the Social Security Administration. Specifically, claimant had previously reported to Social Security examiners that she could perform all personal care tasks, prepare her own meals, and perform light housework. She also reported to her treating physician that she had adequate pain control and was able to perform her daily activities without difficulty.[2] The court concludes that the ALJ's findings are supported by substantial evidence and are consistent with the remainder of the medical evidence of record.

Claimant also asserts that the ALJ failed to adequately develop the administrative record. A claimant bears the ultimate burden of producing evidence

[1] Tr. 24.

[2] Tr. 25.

to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)). Even so, the ALJ has an obligation to develop a full and fair record, even if the claimant is represented by counsel. *Nation v. Barnhart,* 153 F. App'x 597, 598 (11th Cir. 2005) (citing *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). According to claimant, the ALJ in this case did not satisfy that obligation because he failed to "properly consider evidence of record from [claimant's] treating physicians which establish[es] a disabling impairment."[3] This is nothing more than a reiteration of claimant's argument that the ALJ failed to properly consider her subjective complaints of pain. As discussed above, that argument is without merit. Moreover, the court concludes that the ALJ properly and fully developed the record by reviewing *all* of the medical evidence and stating the weight he afforded to each medical opinion.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 19th day of March, 2013.

United States District Judge

[3] Doc. no. 8 (claimant's brief), at 10 (alteration supplied).